BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
ADAM M. JOHNSON, IDAHO STATE BAR NO. 11805
ASSISTANT UNITED STATES ATORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>MICHAEL WILLIAM LUMA,<br><br>　　　　　Defendant. | Case No. 2:23-cr-00341-AKB<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

　　　The Defendant comes before the Court having pleaded guilty to the charge of Unlawful Possession of Firearms.  The Government recommends that the Court sentence the Defendant to 78 months of imprisonment followed by 3 years of supervised release.

### BACKGROUND

　　　This case began when a concerned neighbor reported hearing gunshots coming from the Defendant's residence on multiple nights, despite the Defendant being a prohibited felon.  It appears that the Defendant believed, without evidence, that people were trying to break into his home in the middle of the night.  Law enforcement searched the Defendant's home about a week later.  They found him apparently under the influence of drugs and in possession of methamphetamine, fentanyl, drug paraphernalia, and a handgun magazine.  They also found over

**UNITED STATES' SENTENCING MEMORANDUM - 1**

a dozen firearms and related items in his home, including machine guns, thousands of rounds of ammunition, silencers, and ghost gun components.

The Defendant is prohibited from possessing firearms due to a 2003 aggravated assault conviction.[1] In that case, eyewitnesses heard screaming and saw the Defendant slamming a woman against a garage. Her face was covered in blood. When they confronted the Defendant, who was intoxicated, he chased them with a knife and threatened to stab them.

## APPLICABLE SENTENCING GUIDELINES RANGE

The Government concurs with U.S. Probation's guidelines calculation. Due to his prior violent felony, his possession of machine guns, the number of firearms he possessed, and the fact that multiple firearms lacked serial numbers, the Defendant's total offense level is 26. With a criminal history category of III, his guideline range is 78-97 months.[2]

## SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

**A.   The Nature and Circumstances of the Offense**

The Defendant unlawfully possessed over a dozen firearms, including machine guns and silencers, and appears to have had tools to build others. His drug possession and apparent intoxication when arrested suggests that his brazen shooting at phantoms during the night may have been based on a paranoid drug-fueled delusion. Drug abuse and possession of machine guns is a dangerous combination, especially when the person who possesses those guns is prohibited based on a prior violent felony conviction that involved substance abuse. The nature of this offense and the aggravated circumstances justify a low guidelines sentence.

---

[1] He also may be prohibited due to prior felonies in California and a prior domestic battery conviction in Idaho.

[2] The plea agreement requires the Defendant to provide written notice to the Government if the Defendant intends to seek a departure or variance, and the reasons and basis therefore, 21 days prior to sentencing. (ECF 35, at 8.) The Government has received no such notice, and the deadline has passed. Accordingly, the Government assumes that the Defendant is not seeking any variance or departure.

B.      **The History and Characteristics of the Defendant**

The Defendant has a long history of substance abuse, and he tends to make choices that either hurt people or put others in danger, especially when he is under the influence. In 1996, he was arrested for drug possession while on probation for a different felony drug conviction. In that case, he also appears to have been arrested for unlawfully possessing a firearm, although that charge was dismissed. In 1998, he was arrested for multiple parole violations. In 2002, he was convicted of misdemeanor domestic battery. A year later, while on probation, he committed an aggravated assault. In 2005, also while on probation, he used drugs, drank alcohol, and was arrested for driving under the influence. In 2019, he was convicted of leaving the scene of an accident. Based on the probable cause affidavit in that case, law enforcement believed he was also under the influence of alcohol. All told, the Defendant has demonstrated a pattern of disregard for the law, unwillingness to comply with supervision, and a tendency towards violence and dangerous conduct while supervised. The Defendant's history supports the Government's recommendation.

C.      **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment**

The sentence in this case must be commensurate to the seriousness of the offense. When the Defendant assaulted a woman and threatened to stab multiple people while intoxicated in 2003, he proved through his violence that he cannot be trusted with firearms. And yet he chose to possess more than a dozen. The quantity of firearms, the aggravated nature of those firearms, the possession alongside drug use, and the fact that the Defendant committed the offense after a prior arrest for being a felon in possession of a firearm all point to somebody who has little respect for the laws governing firearm possession. A low-end guidelines sentence adequately reflects the egregiousness of the offense, promotes respect for the law, and provides just punishment.

**UNITED STATES' SENTENCING MEMORANDUM - 3**

**D.     The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public**

When interviewed by U.S. Probation, the Defendant claimed to have abstained from drug abuse between approximately 2006 and 2021. Based on his criminal history, it appears he was in prison between 2006 and 2009, meaning he spent the next 12 years sober until he began abusing fentanyl and methamphetamine in 2021. If the Defendant's self-report is credible, what this shows is that it took three years in prison to deter the Defendant from abusing drugs. Even then, the deterrent effect did not last. He amassed an arsenal as a felon and abused drugs while doing so. And once in his possession, he did not keep the guns locked in a safe. He went out in the middle of the night and started shooting, alarming his neighbors and endangering those around him. The Defendant's history counsels in favor of a substantial prison term in order to sufficiently deter him from continuing to commit crimes and to protect the public.

**E.     The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The Defendant expresses a willingness to engage in substance abuse treatment. When he is released from prison, U.S. Probation can assist him with accessing those services and will provide him with the accountability that he needs to stay sober and out of trouble. Given the Defendant's history of probation and parole violations, the Government recommends the maximum length of supervision to ensure that he has the support he needs so that he makes decisions that do not put the public at risk when he is back in the community.

**CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence of 78 months for the Defendant's commission of the crime of Unlawful Possession of Firearms. The Government submits that a low-end guidelines sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 9th day of January, 2026.

        BART M. DAVIS
        UNITED STATES ATTORNEY
        By:

        *s/ Adam M. Johnson*
        ADAM M. JOHNSON
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2026, the foregoing **UNITED STATES' SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following parties:

| | |
|---|---|
| Lorinda Youngcourt<br><br>Lorinda_Youngcourt@fd.org | ECF Filing |

*s/ Carin Crimp*
Legal Assistant

**UNITED STATES' SENTENCING MEMORANDUM - 6**